OLIVER C. DOVEY, APPELLEE, V. GEORGE E. DOVEY ET AL., APPELLANTS.

FILED APRIL 1, 1916. No. 19209.

1. Judgment: RES JUDICATA. *Dovey v. Dovey*, 95 Neb. 624, examined, and *held res judicata* as to the facts alleged in paragraphs 1 to 5, inclusive, of the answer of defendants.

2. Defense: SUBMISSION. The defense interposed by paragraph 6 of the answer of defendants, referred to in the opinion, *held* to have been properly submitted to the jury and the verdict returned thereon amply sustained by the evidence.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*John L. Webster* and *A. L. Tidd,* for appellants.

*John J. Sullivan, Anan Raymond* and *Francis A. Brogan, contra.*

FAWCETT, J.

From a judgment in favor of plaintiff in the district court for Cass county, upon the promissory notes which were involved in *Dovey v. Dovey,* 95 Neb. 624, defendants appeal. The cited case was a suit in equity in the district court for Douglas county, by the defendants in this action against the present plaintiff as defendant in that suit. For a statement of the facts relating to the execution and delivery of the notes, reference is made to the opinion in that case.

The petition is in the usual form. The first five paragraphs of the answer are devoted to allegations of facts which plaintiff contends were all within the issues tried and determined in *Dovey v. Dovey, supra.* The only new matter pleaded in those five paragraphs will be found in paragraph 2, where it is alleged that, subsequent to the trial of that case, Jane A. Dovey, widow of E. G. Dovey, deceased, and mother of the parties in that suit, died testate, and that her legatees are now seeking, in the probate court of Cass county, to recover a large sum claimed to represent an interest which she is alleged to have had in the firm of E. G. Dovey & Son, at the time the settlement was made between the parties in *Dovey v. Dovey, supra.* In this paragraph it is alleged that plaintiff represented to defendants that Jane A. Dovey had ratified and approved the settlement and would surrender to the business of the firm her interest therein, and that one-third thereof was included in the consideration for the notes. The trial court ruled that *Dovey v. Dovey, supra,* was *res judicata* as to all of the matters set up in the first five paragraphs of the answer, and declined to submit the same to the jury. In this we think the court did not err. The facts alleged in paragraphs 1, 3, 4 and 5 were all clearly within the issues and determined in that suit. We think the facts attempted to be relied upon in paragraph 2 were also fairly within those issues, except, of course, the facts alleged in reference to the execution of a will by Jane A. Dovey, and the action now being taken by her executors

and legatees. As to those facts, we think the answer fails to state a defense. Conceding that plaintiff made the alleged statements to the defendants in relation to the attitude of Jane A. Dovey toward the settlement then being made, there is nothing in the statement of the allegations of paragraph 2 of the answer, set out in defendants' brief, which shows that defendants relied upon the statements made by plaintiff, or that they were not as fully advised as to the interest of Jane A. Dovey in the firm and her attitude toward the settlement as plaintiff himself. Moreover, it clearly appears that, after the settlement in *Dovey v. Dovey*, and the retirement of plaintiff from the firm, the business continued under the management of defendants, and large sums of money were from time to time paid by them to Jane A. Dovey. In fact, the transactions subsequently had between defendants and their mother clearly indicate a full and complete understanding between them as to the rights or interest of the mother in the firm business.

The substance of paragraph 6 is that at the time the notes in suit were signed a mortgage securing the same was given upon an undivided two-thirds interest in 640 acres of land in Cass county, that plaintiff then agreed to look solely and entirely to the mortgage security for the payment of the notes, and is therefore without right to sue upon them at law. This defense was submitted to the jury and a verdict returned in favor of plaintiff. We deem it unnecessary to spend time upon this assignment. As we view the record, this issue was fairly submitted upon evidence amply sufficient to sustain the verdict.

Another contention is made in the brief of defendants that, at the time of the agreement in *Dovey v. Dovey*, there was an agreement among the three brothers, who composed the firm of E. G. Dovey & Son, that each should pay to his mother $400 a year for her support, and that plaintiff failed to keep and perform that agreement by failing to pay such sums or any part thereof. This contention has no place in this action. There is nothing in

the allegations of defendants' answer showing that by reason of plaintiff's failure to make such payments defendants suffered any loss, or were called upon to pay to Mrs. Dovey out of their private funds any sum whatever in excess of the $400 a year each, which, under their own allegations, they were required to pay. It is clear, therefore, that, if plaintiff made any such agreement and failed to keep it, the only person who could complain of such failure was Mrs. Dovey herself.

The judgment entered being the only one which could properly be entered on the record before us, the other points presented will not be discussed.

AFFIRMED.

LETTON and HAMER, JJ., not sitting.